No. 1063

LIBERTY HIGHWAY CO. et v. CALLAHAN, Admx. et.

Ohio Appeals, 6th Dist., Lucas Co.

No. 1772. Decided Oct. 25, 1926

355. DAMAGES—Measure of damages in case of death by personal injuries is the pecuniary loss sustained by the beneficiaries.

208. CARRIERS—Duties of a corporation chartered to perform duties of a public carrier are non-delegable and it is liable for negligent acts of persons to whom performance of part of such duties are entrusted within the scope of agreement for carriage.

874. ORDINANCE—1. The court has power to hear evidence to determine whether or not an ordinance was void because of unreasonableness of limitation as to rate of speed an electric car is to travel through a municipality. in a sister state; and the court would not be justified in holding it void unless the presumption of reasonableness is overcome by clear and convincing evidence.

2. The question of reasonableness of such ordinance is one for the court.

WILLIAMS, J.

Iva E. Callahan, administratrix of the estate of Daniel Callahan, deceased, brought an action against the Liberty Highway Company, Roscoe C. Griffith and the Detroit, Monroe & Toledo Shore Line Railway Co. to recover damages for the wrongful death of her husband.

The jury returned a verdict in favor of Callahan as against the Highway Co. and Griffith for $18,500; but on the issue sjoined between Callahan and the Railway Co. found in favor of the latter. Error proceedings were brought by the Highway Co. seeking reversal of the judgment against it. Griffith and Callahan separately filed a cross-petition in error, the former seeking reversal of the judgment against him and the latter seeking a reversal of the judgment in favor of the Railway Co.

The decedent it seems was a motorman, on one of the Railway Company's cars. The Highway Co. is engaged in the transportation of freight by motor truck between the cities of Toledo and Detroit. Griffith was the owner of the truck, driven by one Culver, and the Highway Co. owned the trailer attached to the truck, which Griffith rented. The trailer was loaded with barrels of turpentine and when the car collided with said trailer part of the inflammable cargo was injected into the car and later became ignited. Griffith was operating the truck with the arrangement that he was to receive 68% of the charge for freightage and the Highway Co. to receive 32%.

The Highway Co. contended that the court should have directed a verdict in its favor on the theory that Griffith was not its agent or employee, that it was not engaged with Griffith in a joint enterprise, but that he was an independent contractor. The Court of Appeals in reviewing the case held:

1. The full relations between Griffith and the Highway Co. were not brought out at the trial for the reason that the trial court improperly restricted the examination of Griffith with reference to the arrangement with the Highway Co.

2. Public policy requires that a corporation charted to perform the public duties of a common carrier should not be permitted to contract with parties who may be irresponsible for performance of part of its duties under the charter and thus avoid responsibility for the negligent performance thereof.

3. The duties of a corporation so chartered are non-delegable and it is answerable for negligent acts of persons to whom it entrusts the performance of part of its duties, if such acts are done within the scope of .the agreement for carriage; and therefore the Highway Co. was not entitled to a directed verdict.

4. The trailer was not a "motor vehicle" within the meaning of the Michigan statutes defining this term, as claimed by Callahan.

5. It is claimed that the Court erred in permitting evidence to be introduced as to the validity of an ordinance fixing the speed of electric cars through the town which it passed, Wyandotte, Mich., at a rate not exceeding 15 miles per hour. The question of the reasonableness of the ordinance was one for the court; and the court would not be justified in holding the ordinance void unless the presumption of its reasonableness was overcome by clear and convincing evidence.

6. It is claimed that the court erred in allowing a deposition of a police officer to be read in which Culver, the driver of the truck, said that he saw the car coming but thought he could make it. The statements of the driver were made long after he had ceased to operate the truck and the evidence discloses that at the time he made them, he was not acting within the scope of his authority as driver and the transaction regarding which they were made had ended, so that such statements were not admissible as the admission of an agent of

one of the defendants; and their admission in evidence was prejudicial error.

7. The court gave a requested charge in which the jury was instructed that if Culver saw the car operated by decedent in ample time to have checked the speed of his truck or to have turned aside and not to have operated same over the track, the fact as to whether decedent did or did not blow the whistle, his conduct in that respect, would not be a defense to any of the defendants.

8. The court erred in giving this charge, for it ignored the principle of ordinary care. The railroad company would not be excused from performing its duty as to whistling as the car approached the crossing unless the driver saw it in time to check the speed of the truck or refrain from driving over the tracks by the exercise of ordinary care.

9. The court erred in charging upon the measure of damages by failing to take into consideration the fact that some of the probable earnings of decedent might cover a period in the future. The measure of damages is the pecuniary loss sustained by the beneficiaries.

10. There is no reason why the Highway Co. and Griffith cannot be joined and the claim that there must be an election based on the principle in 76 OS. 509, on the theory that a master and servant cannot be sued jointly for the negligent act of the servant committed in the absence of the master without his express direction, is not applicable.

11. As between the Highway Co. and Griffith, neither was present at the time the alleged negligent act was committed; and Griffith's liability existed, if at all, upon the theory that he was the master, and the driver of the truck, the servant. The Highway Company's liability arose, if at all, because it contracted with Griffith to perform for it a non-delegable duty resting upon it as a common carrier, so that no error existed as between these two defendants in not requiring an election.

12. Therefore the judgment in favor of the Railway Co. will be affirmed; and the judgment in favor of Callahan against the Highway Co. and Griffith will be reversed and the cause as to them remanded.

Judgment accordingly.

(Richards & Young, JJ., concur.)

Attorneys—Fraser, Hiett, Wall & Effler for Highway Co. et; C. A. Thatcher, R. D. Logan, Chester D. Meck, George W. Dautherty, and Tracy, Chapman & Welles for Callahan et; all of Toledo.